UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERTO MARIO URIAS,<br><br>Defendant. | Case No.: 15-cr-1530 BEN<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE**<br>**[Dkt. No. 26]** |
|---|---|

Defendant moves for a reduction in his sentence under 18 U.S.C. § 3582(c), arguing that amendment 782 to the Sentencing Guidelines warrants the modification. Although he has been released from custody, he remains under five years of Supervised Release. Therefore, the motion is not moot.

Section 3582(c)(2) establishes a two-step inquiry for sentence reduction proceedings. At the first step, the court decides eligibility for sentence reduction by determining whether the reduction is consistent with applicable policy statements issued by the Sentencing Commission. *United States v. Hernandez-Martinez*, 933 F.3d 1126, 1130 (9th Cir. 2019), *cert. denied,* 140 S. Ct. 879, 205 L. Ed. 2d 491 (2020); *see also Dillon v. United States*, 560 U.S. 817, 826 (2010). "The policy statement applicable to § 3582(c)(2), United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, authorizes a sentence reduction if, but only if, the retroactive amendment has the "'effect of lowering the defendant's applicable Guidelines range.'" *Id.* (citing U.S.S.G. §1B1.10(a)(2)(B)). To apply this policy statement, a court determines whether the Guidelines range is lowered by calculating the amended Guidelines range that would have been applicable to the defendant if the relevant Guidelines had been in effect at the

time the defendant was sentenced. *Id*. But that determination is not the end of the eligibility inquiry. "Another provision of the policy statement . . . generally prohibits sentence reduction if the original term of imprisonment is below the lower end of the amended Guidelines range." *Id.* (citing § 1B1.10(b)(2)(A)).

Defendant does not qualify for a sentence modification under amendment 782. Defendant was convicted of importation of methamphetamine in violation of 21 U.S.C. §§ 952 and 960. He was sentenced in March 2015 (after the amendment to the drug offense Guidelines) to 84-months in prison. In his Plea Agreement, Defendant admitted to importing 18.5 kilograms of methamphetamine. The Pre-Sentence Report indicates the quantity as 14.93 kilograms of methamphetamine (actual). Based on the Plea Agreement and the Pre-Sentence Report, the Court hereby makes supplementary findings that Defendant is more likely than not responsible for 14.93 kilograms of methamphetamine (actual). *United States v. Mercado-Moreno*, 869 F.3d 942, 957 (9th Cir. 2017) ("It is sufficient for the district court to consider the amount of the new threshold in the retroactive amendment, here 4.5 kilograms, and determine whether a preponderance of the evidence in the record indicates that the defendant is more likely than not responsible for that amount.").

Defendant's Sentencing Guidelines range was calculated on a base offense level of 38. The amended Guidelines were applied at the time and began with a base offense level of 38 for a quantity of 14.93 kilograms of methamphetamine (actual). After the adjustments, including a four-level downward adjustment for fast track, the resulting Guidelines range was 168 to 210-months. Defendant's 84-months sentence was well below the low-end of the amended Guidelines range.

Therefore, Defendant's Motion for Reduction in Sentence is Denied.

IT IS SO ORDERED.

DATED: May 29, 2020

_____
HON. ROGER T. BENITEZ
United States District Court Judge

2